968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leo F. MORRICAL, Plaintiff-Appellant,
v.
KATU/TV OF PORTLAND, Oregonian; Larry Leeman, of Gresham
Police Department, Defendant,
and
OREGONIAN PUBLISHING COMPANY, Appellee.
 No. 91-36043.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 15, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leo Morrical appeals pro se the district court's dismissal pursuant to 28 U.S.C. § 1915(d) of his civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's section 1915(d) dismissal for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Morrical filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The magistrate judge granted Morrical leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Nevertheless, the magistrate judge found Morrical's complaint to be frivolous and recommended that it be dismissed without prejudice and without service of process pursuant to 28 U.S.C. § 1915(d). The district court adopted the magistrate judge's recommendation, dismissed the complaint, and dismissed the action.
 
 
 4
 A district court may authorize a litigant who is unable to pay the costs of a lawsuit to proceed in forma pauperis. 28 U.S.C. § 1915(a). Nevertheless, the court may dismiss an action filed in forma pauperis before service of process if the court finds the complaint is frivolous. 28 U.S.C. § 1915(d); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 5
 A complaint is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases, a pro se litigant is entitled to notice and an opportunity to amend unless it is clear that no amendment could cure the deficiency. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). When dismissing a complaint for failure to state a claim, the court must explain the complaint's deficiencies. Id.
 
 
 6
 A plaintiff may bring an action for civil rights violations under 42 U.S.C. § 1983 by demonstrating that defendants, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. 42 U.S.C. § 1983; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 7
 Injury to reputation alone does not result in a deprivation of a liberty or property interest protected by the due process clause of the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 712 (1976); Fleming v. Department of Public Safety, 837 F.2d 401, 409 (9th Cir.), cert. denied, 488 U.S. 889 (1988) (an action for damage to reputation "lies ... in the tort of defamation, and not in section 1983"). Thus, a claim for injury to reputation may not be brought under section 1983 unless it occurs in conjunction with loss of a recognizable property or liberty interest. Fleming, 837 F.2d at 409 & n. 10.
 
 
 8
 Morrical's complaint alleged that media coverage of his conviction of five counts of sexual abuse involving two handicapped adults violated his constitutional rights. On appeal, Morrical contends that as a consequence of the appellees' publication of his conviction, he is an outcast among fellow inmates, who have threatened his life. The injuries of which Morrical complains are not injuries to federal rights and, therefore, are not actionable under section 1983. See Paul, 424 U.S. at 711-12; Fleming, 837 F.2d at 409. Any collateral consequence of the media coverage is not actionable because such consequence is not a result of any affirmative action by the parties who allegedly defamed Morrical. See Paul, 424 U.S. at 697-99 (injury to reputation not actionable under section 1983 even where consequences include impairment of future employment opportunities). The district court gave Morrical notice of the deficiencies, and it is clear that no amendment could cure the defect. See Noll, 809 F.2d at 1448. Therefore, the district court did not abuse its discretion in dismissing Morrical's civil rights action. See Denton, 112 S.Ct. 1734.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Morrical also appeals the district court's denial of his motion for appointment of counsel. The district court did not abuse its discretion in denying this motion. See Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.1990) (counsel appointed only in "exceptional circumstances")